

M00049273D01

IN THE DISTRICT COURT OF DOUGLAS COUNTY
STATE OF NEBRASKA

C1 26-1192

Carlos Roberto Hernández Peralta,
Plaintiff,

v.

J. Skinner Baking Company,
and
Bakery, Confectionery, Tobacco Workers and
Grain Millers International Union (BCTGM),
including its Local Union corresponding to
the Omaha, Nebraska plant,
Defendants.



#9    FILED
      District Court
DOUGLAS COUNTY, NEBRASKA

FEB 1 2 2026

CLERK DISTRICT COURT

COMPREHENSIVE CIVIL COMPLAINT
(Chronological, Clinical, and Legal Narrative)

■
I. JURISDICTION AND COMPETENCE

This Honorable Court has full and proper subject-matter and territorial jurisdiction to hear the present action pursuant to the laws of the State of Nebraska.

Jurisdiction is proper because all facts alleged herein occurred within Douglas County, Nebraska; the Defendants operate commercially within this jurisdiction, exercised employment control over the Plaintiff, and made administrative decisions that caused personal, emotional, labor-related, and civil damages within this State.

Venue is proper in this Honorable Court because the facts described occurred within Douglas County, the Defendants maintain commercial and labor operations in this jurisdiction, and the damages alleged were suffered within this judicial district.

This action does not constitute an appeal, review, or extension of any administrative process before the Equal Employment Opportunity Commission (EEOC), nor does it depend on a prior determination by that agency. This Complaint raises autonomous and fully justiciable claims under state law and concurrent federal jurisdiction, including institutional negligence, breach of the duty of fair union representation, hostile work environment, civil rights violations, retaliatory termination, violations of privacy, breach of evidence custody, obstruction of access to justice, and severe and permanent emotional harm.

Exhaustion of administrative remedies before the EEOC is not a jurisdictional requirement for this Court to adjudicate the state-law claims nor to determine civil liability for the damages alleged herein. Accordingly, this Court possesses independent authority to adjudicate the facts and claims presented.

Denying jurisdiction in this case would constitute a denial of access to justice for fully justiciable damages within this forum, in contravention of fundamental principles of due process and worker protection.

■
## II. INTRODUCTION

Honorable Judge:

I appear before this Court not seeking revenge or easy compensation, but truth, justice, and protection. This Complaint exposes a prolonged, progressive, and documented pattern of workplace abuse, institutional negligence, retaliation, civil rights violations, improper control of corporate evidence, and union abandonment.

These actions culminated in severe, chronic, and irreversible psychological harm, clinically documented, which has profoundly altered my personal, family, and professional life, affecting my emotional stability, work capacity, and quality of life.

■
## III. IDENTIFICATION OF THE PARTIES

Plaintiff:

Carlos Roberto Hernández Peralta, employee at the J. Skinner Baking Company plant in Omaha, Nebraska.

Primary Defendant:

J. Skinner Baking Company
4651 F Street
Omaha, Nebraska 68117

Union Defendant:

Bakery, Confectionery, Tobacco Workers and Grain Millers International Union (BCTGM), including its Local Union corresponding to the Omaha, Nebraska plant.


## IV. FACTS
(Chronological, objective, and verifiable account)

A. Physical Assault and Institutional Negligence
(December 2024)

On December 23, 2024, a physical assault occurred against my person inside the facilities of J. Skinner Baking Company, specifically in the lunch area, physically located within the plant and under the employer's direct operational control. The incident was captured by internal security cameras, whose custody and control belonged exclusively to the company.

The company had immediate knowledge of the incident and, despite this, deliberately refused to provide medical or psychological assistance, denied any form of compensation for the damages suffered, and retained the video as evidence, preventing me from accessing it for preservation and use in a potential legal action.

This assault was not an isolated incident. It was the direct consequence of a prior and

documented pattern of managerial negligence, as I had previously reported conflicts and problematic conduct involving the same individual without the company adopting preventive or corrective measures.

Subsequently, the company attempted to evade responsibility by falsely alleging that the incident did not occur inside the plant, despite the lunch area being an integral part of the facility and under its control.

■
B. Initial Retaliation and Hostile Work Environment
(March 2025)

In March 2025, the Plant Manager attempted to unjustifiably displace me from my position in the Red Depanning area to impose another worker of his preference. My refusal to accept this arbitrary decision triggered immediate retaliation, public humiliation, undermining of authority, and the initiation of a sustained hostile work environment.

■
C. Ignored Internal Reports
(April – July 2025)

Between April and July 2025, I submitted multiple verbal and written reports to Human Resources, Management, and the Union, reporting abuse of power, harassment, operational risks, and retaliation. None of these reports were investigated or effectively addressed.

■
D. Critical Incident
(July 28, 2025)

On July 28, 2025, I was required to simultaneously cover two incompatible operational areas, generating extreme stress, excessive workload, and operational risk. The incident was immediately reported, yet the company took no corrective action.

■
E. Principal Formal Report
(July 30, 2025)

On July 30, 2025, I submitted a formal, written, and structured report to the company and the Union, documenting repeated workplace abuse, severe managerial negligence, systematic harassment, unaddressed operational risks, and accumulated emotional harm.

This report was submitted for the purpose of activating internal investigation and protection mechanisms. The company completely ignored it, failed to open an investigation, failed to interview witnesses, failed to issue a written response, and failed to offer any institutional assistance.

■
F. Deliberate Denial of Interpreter
(August 2025)

On August 5, 2025, I met with Human Resources to request follow-up and assistance. In that context, I expressly and repeatedly requested the provision of an interpreter in order to fully understand internal procedures and exercise my right to defense.

The company systematically denied this request, despite knowing that language constituted a real and significant barrier, placing me in a state of legal defenselessness and violating my civil rights.

■
G. Deliberate Retention, Breach of Custody, and Illicit Dissemination of Critical Audiovisual Evidence
(Severe, intentional, and aggravated violation)

The internal audiovisual material documenting the physical assault constitutes critical, unique, and irreparable evidence of a violent event that occurred inside the employer's facilities and under its exclusive control.

From the moment of the incident, the company assumed total custody of the video, bearing the legal obligation to preserve it intact, restrict access, and make it available to the affected worker for protection, investigation, and potential legal action. Nevertheless, the company deliberately retained the material, repeatedly refusing to provide copies or access, even after I expressly requested it for evidence preservation purposes.

This refusal was not accidental or administrative, but intentional and strategic, as the company already knew the seriousness of the incident, the existence of witnesses, and the real foreseeability of legal action.

Subsequently, and in open contradiction to the denial imposed on me, the video was accessed, extracted, and disseminated outside official channels, without authorization or legitimate purpose, demonstrating a deliberate breach of the chain of custody and a grave violation of minimum evidence preservation protocols.

The dissemination exposed me to ridicule, humiliation, and revictimization, compromised the probative integrity of the evidence, and obstructed my ability to pursue legal remedies. The selective nature of the conduct—denying access to the affected worker while permitting informal dissemination—demonstrates intent, not negligence.

The retention and dissemination of the video form part of an institutional pattern of concealment, retaliation, and legal damage control aimed at minimizing the company's civil exposure at the expense of aggravating the harm suffered by the worker.

The refusal to preserve, provide, or make available this critical evidence, followed by its unauthorized dissemination, authorizes this Honorable Court to infer that the full content of the audiovisual material is unfavorable to the Defendants' interests, pursuant to principles of evidence preservation and procedural equity.

■
H. Severe Breach of the Duty of Fair Union Representation
(Beginning August 2025)

Beginning in August 2025, the BCTGM Union had direct and documented knowledge of the assault, institutional negligence, denial of interpreter, retention and dissemination of the video, and the escalation of retaliation.

Despite this knowledge, the Union failed to demand copies of reports, failed to initiate a

grievance, failed to represent me in critical meetings, and failed to document formal objections, all while continuing to collect weekly union dues.

This conduct was arbitrary, in bad faith, and constituted a conscious abandonment of the worker, facilitating the escalation of harm and directly contributing to the retaliatory termination.

■
I. Retaliatory Termination
(September 26, 2025)

On September 26, 2025, I was suspended and terminated under fabricated pretexts, at a time when the company already knew that I possessed witnesses, compromising evidence, and an express intention to proceed with legal action.

The initial retention of the video, its subsequent illicit dissemination, and the termination constitute a single strategic sequence aimed at neutralizing legal exposure, eliminating the primary witness, and forcibly closing the conflict.

■
V. LEGAL BASIS AND STATUTES VIOLATED

A. Violations Committed by J. Skinner Baking Company

1. Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.)
2. Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.)
3. Nebraska Fair Employment Practice Act (Neb. Rev. Stat. § 48-1101 et seq.)
4. Institutional negligence and duty of care (Nebraska Common Law)
5. Invasion of privacy and breach of evidence custody

B. Violations Committed by the BCTGM Union

6. National Labor Relations Act – Section 8(b) (29 U.S.C. § 158(b))
7. Breach of Fiduciary Duty (Common Law)

■
VI. LEGAL CLAIMS (COUNTS)

COUNT I – Unlawful Retaliation
COUNT II – Civil Rights Violations
COUNT III – Hostile Work Environment
COUNT IV – Breach of the Duty of Fair Representation
COUNT V – Institutional Negligence
COUNT VI – Invasion of Privacy and Obstruction of Evidence

■
VII. DOCUMENTED CLINICAL DAMAGE

As a direct and cumulative consequence of the facts described herein, I was diagnosed with chronic and severe Post-Traumatic Stress Disorder, severe anxiety, severe depression, and significant functional impairment, requiring continuous therapeutic and psychiatric treatment.

Such clinical damage is not preexisting nor isolated, but rather the direct, cumulative, and

foreseeable consequence of the physical assault, institutional negligence, evidence obstruction and manipulation, lack of union protection, and retaliatory termination described in this Complaint.

## VIII. DAMAGES

As a direct and proximate result of Defendants' unlawful conduct described herein, Plaintiff has suffered substantial economic and non-economic damages.

Plaintiff seeks damages in excess of Three Million Five Hundred Thousand Dollars ($3,500,000), subject to proof at trial, allocated in good faith as follows:

COUNT I – Unlawful Retaliation: Damages estimated in excess of $750,000.
COUNT II – Civil Rights Violations: Damages estimated in excess of $450,000.
COUNT III – Hostile Work Environment: Damages estimated in excess of $500,000.
COUNT IV – Breach of the Duty of Fair Representation: Damages estimated in excess of $400,000.
COUNT V – Institutional Negligence: Damages estimated in excess of $600,000.
COUNT VI – Invasion of Privacy and Obstruction of Evidence: Damages estimated in excess of $400,000.

Plaintiff further seeks punitive damages as permitted by law, pre-judgment and post-judgment interest, litigation costs, and any additional relief the Court deems just and equitable.

The ultimate determination of liability and the precise amount of damages shall be decided by the Court and/or jury upon consideration of the evidence presented at trial.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a) Enter judgment in favor of Plaintiff on all Counts;
b) Award compensatory damages in an amount to be determined at trial;
c) Award punitive damages as permitted by law;
d) Award pre-judgment and post-judgment interest as allowed by law;
e) Award costs of suit and any recoverable fees;
f) Grant such other and further relief as the Court deems just and equitable.

## X. PRO SE APPEARANCE

I appear in this action pro se, without waiving any rights and reserving the right to obtain legal representation at later stages.

## XI. COSTS AND FEES

I request that Defendants be ordered to pay all costs and fees as permitted by applicable law.

Respectfully submitted,

Dated: February 12, 2026

Carlos Roberto Hernández Peralta
Plaintiff, Pro Se
5425 N 109th Plaza
Omaha, Nebraska
Phone: 561-849-6745
Email: carlosrobertohernandezperalta@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2026, a true and correct copy of the foregoing Complaint will be served upon the Defendants in accordance with Nebraska law following filing with the Court.

Carlos Roberto Hernández Peralta

000007

# SIGNATURE PAGE

Respectfully submitted,

Carlos Roberto Hernández Peralta
Plaintiff, Pro Se
Address: 5425 N 109th Plaza
City, State, ZIP: Omaha, NE 68164
Telephone: 561-849-6745
Email: carlosrobertohernandezperalta@gmail.com

Date: February 9, 2026

Nebraska State Court Form
DC 6:4.4 Rev. 06/2019
Neb. Rev. Stat. § 25-502.01



M00063979D01

IN THE DISTRICT CO[    ] NEBRASKA

(county where Complaint filed)

*Corlos R Hernández Peralta*, Case No. *CI 26 1192*

(your full name)   Plaintiff,

vs.

*BAKERY, CONFECTIONERY, TObACCO WORKERS QNd GRAIN MillER Local 50 g*

**PRAECIPE FOR SUMMONS/PERSONAL SERVICE**

(spouse's full name)   Defendant.

#7  FILED
District Court
DOUGLAS COUNTY, NEBRASKA
FEB 13 2026
CLERK DISTRICT COURT

**TO THE CLERK OF SAID COURT:**

Please issue summons, to be served by the Sheriff of *DOUGLAS* County,

(County where other party is to be served)

*8984 J Street*, along with a copy of the Complaint to:

(State where other party is to be served)

*LOCAL 50 g*
*BAKERY, CONFECTIONERY, TObACCO WORKERS QNd GRAI MillER*

(name of party to be served)

*8984 J STReet*

(street address where party is to be served)

*OMAHA NEBRASKA 68127*

(city and state where party is to be served)

Signature: _____   Date: *02/13/2026*

Printed Name: *Corlos Roberto Hernández, Peralta*

Street Address/P.O. Box: *5425 NORTh 109 Th PLAZA*

City/State/ZIP Code: *OMAHA NEBRASKA 68164*

Telephone Number: *561 8496 745*

Email address: *CARLOS ROBERTO HERNANDEZPERALTA@gmail.COM*

☐ IFP Order on file

DC 6:4.4 Rev. 06/2019    Page 1 of 1

Praecipe for Summons/
Personal Service    000009

Nebraska State Court Form
DC 6:4.4 Rev. 06/2019
Neb. Rev. Stat. § 25-502.01



M00063951D01

IN THE DISTRICT COUR'                                    3RASKA

(county where Complaint filed)

*Carlos R Hernández Pralta*, Case No. *CI 26 1192*
(your full name)            Plaintiff,

vs.

*J. Skinner Baking Company*      **PRAECIPE FOR**
                                 **SUMMONS/PERSONAL**
(spouse's full name)    Defendant.    **SERVICE**

FILED
#7   District Court
DOUGLAS COUNTY, NEBRASKA
FEB 1 3 2026
CLERK DISTRICT COURT

**TO THE CLERK OF SAID COURT:**

Please issue summons, to be served by the Sheriff of *Douglas County* County,

(County where other party is to be served)

*4651 F ST*_____, along with a copy of the Complaint to:
(State where other party is to be served)

_____*J. Skinner Baking Company*_____
                (name of party to be served)
_____*4651 F ST*_____
                (street address where party is to be served)
____*Omaha, Nebraska  68117*_____
                (city and state where party is to be served)

Signature: _____  Date: *02/13/2026*____
Printed Name: ___*Carlos Roberto Hernández Pralta*___
Street Address/P.O. Box: *5425 North 109 Th Plaza*___
City/State/ZIP Code: *Omaha  Nebraska  68164*___
Telephone Number: *561 84 96 745*_____
Email address: *CARLOSROBERTOHERNANDEZPERALTA@gmail.com*

☐ IFP Order on file

DC 6:4.4 Rev. 06/2019          Page 1 of 1          Praecipe for Summons/
                                                    Personal Service   000010

Image ID:
D01027499D01

**SUMMONS**

Doc. No.  1027499

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                NE 68183


Carlos R Hernandez-Peralta v. J Skinner Baking Company

Case ID: CI 26     1192


TO:  J Skinner Baking Company

**FILED BY**

Clerk of the Douglas District Court
02/17/2026

You have been sued by the following plaintiff(s):

     Carlos R Hernandez-Peralta


Plaintiff:          Carlos R Hernandez-Peralta
Address:            5425 N 109th Plaza
                    Omaha, NE

Telephone:          (561) 849-6745

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.
This document is not the same as a response to the lawsuit which must be filed
as a separate document.

Date:  FEBRUARY 17, 2026    BY THE COURT: _Crystal Rhoades_
                                              Clerk


COURT COPY


Page 1 of 2

000011

Image ID:
D01027499D01

**SUMMONS**

Doc. No.  1027499

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

       J Skinner Baking Company
       4651 F St
       Omaha, NE 68117

BY:  Douglas County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

       COURT COPY

Page 2 of 2

000012

| SERVICE RETURN | Doc. No.  1027499 |
|---|---|

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183

To: Douglas County Sheriff
Case ID: CI 26    1192 Hernandez-Peralta v. J Skinner Et al

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles          _____

   TOTAL                 $ _____

Date: _____    BY: _____
                                      (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                          _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: J Skinner Baking Company          From: Carlos R Hernandez-Peralta
4651 F St                                    5425 N 109th Plaza
                                             Omaha, NE
Omaha, NE 68117

        COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT 000013

| Image ID:<br>D01027500D01 | **SUMMONS** | Doc. No.  1027500 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha            NE 68183


Carlos R Hernandez-Peralta v. J Skinner Baking Company

Case ID: CI 26    1192


TO:  BCTGM International Union

**FILED BY**

Clerk of the Douglas District Court
02/17/2026

You have been sued by the following plaintiff(s):

    Carlos R Hernandez-Peralta


Plaintiff:          Carlos R Hernandez-Peralta
Address:            5425 N 109th Plaza
                    Omaha, NE

Telephone:          (561) 849-6745

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date:  FEBRUARY 17, 2026    BY THE COURT: _Crystal Rhoades_
                                              Clerk


COURT COPY


Page 1 of 2

000014

Image ID:
D01027500D01

**SUMMONS**

Doc. No.  1027500

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

       BCTGM International Union
       8984 J St
       Omaha, NE 68127

BY:  Douglas County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

COURT COPY

Page 2 of 2

000015

| | SERVICE RETURN | Doc. No.  1027500 |
|---|---|---|

Douglas District Court
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                 NE 68183

To: Douglas County Sheriff
Case ID: CI 26    1192 Hernandez-Peralta v. J Skinner Et al

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                          _____

Mileage ____miles          _____

    TOTAL              $ _____

Date: _____    BY: _____
                                                       (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                    _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: BCTGM International Union              From: Carlos R Hernandez-Peralta
    8984 J St                                    5425 N 109th Plaza
                                                 Omaha, NE
Omaha, NE 68127

        COURT COPY

ATTACH RETURN RECEIPT & RETURN TO COURT

000016

STATE OF NEBRASKA  }                    SHERIFF #:        26005096
                   } §                  COURT CASE #:    D01CI261192
COUNTY OF DOUGLAS  }                    COURT DOC #:     1027500
                                        ATTY:            D - DISTRICT COURT

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI260001192
Transaction ID: 0024635958
Filing Date: 02/26/2026 10:00:00 PM CST

RE:  CARLOS R. HERNANDEZ-PERALTA V. J SKINNER BAKING COMPANY

RECEIVED DATE: FEBRUARY 18, 2026

SERVICE ON: BCTGM INTERNATIONAL UNION

ACTION TYPE AND PAPER TYPE: SUMMONS, SUMMONS, COMPREHENSIVE CIVIL COMPLAINT

RETURNED:

SERVICE TYPE: COMPANY LEAVE

SERVEE: KIM

RELATIONSHIP: OFFICE MANAGER

SERVICE DATE/TIME: FEBRUARY 26, 2026 10:12 AM

SERVICE RECORD:

02/25/2026    09:50 AM    ATTEMPTED/LEFT CARD @ 8984 J STREET  OMAHA NE 68127

02/26/2026    10:12 AM    SERVED @ 8984 J STREET  OMAHA NE 68127

TIFFANY PELLEY
AUTHORIZED AND APPOINTED BY AARON W. HANSON, SHERIFF

| MILEAGE | $3.02 |
| RETURN | $6.00 |
| SERVICE | $12.00 |
| TOTAL | $21.02 |



© Tyler Technologies          NE_Douglas_ServiceReturnReprint_C11.rpt

STATE OF NEBRASKA }
} §
COUNTY OF DOUGLAS }

SHERIFF #:          26005095
COURT CASE #:   D01CI261192
COURT DOC #:    1027499
ATTY:                 D - DISTRICT COURT

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI260001192
Transaction ID: 0024642781
Filing Date: 02/27/2026 10:00:00 PM CST

RE: CARLOS R. HERNANDEZ-PERALTA V. J SKINNER BAKING COMPANY

RECEIVED DATE: FEBRUARY 18, 2026

SERVICE ON: JAMES SKINNER BAKING COMPANY

ACTION TYPE AND PAPER TYPE: SUMMONS, SUMMONS, COMPREHENSIVE CIVIL COMPLAINT

RETURNED:

SERVICE TYPE: COMPANY LEAVE

SERVEE: MARGARET KOHOUT

RELATIONSHIP: FRONT END MANAGER

SERVICE DATE/TIME: FEBRUARY 27, 2026 11:10 AM

SERVICE RECORD:

02/27/2026    11:10 AM    SERVED @ 4651 F STREET  OMAHA NE 68117

_____

TIFFANY PELLEY
AUTHORIZED AND APPOINTED BY AARON W. HANSON, SHERIFF

| | |
|---|---|
| MILEAGE | $1.51 |
| RETURN | $6.00 |
| SERVICE | $12.00 |
| TOTAL | $19.51 |

