IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CARLOS ROBERTO HERNANDEZ PERALTA,

Plaintiff,

vs.

J. SKINNER BAKING COMPANY and BAKERY, CONFECTIONARY, TOBACCO WORKERS and GRAIN MILLERS INTERNATIONAL UNION,

Defendants.

**4:26CV3104**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Bakery, Confectionary, Tobacco Workers, and Grain Millers Internation Union's ("BCTGM") Motion to Set Aside the Clerk's Entry of Default and to Extend the Deadline of Filing Response to the Complaint. (Filing No. 18.) On May 13, 2026, the Clerk of Court entered default against BCTGM because BCTGM's deadline to answer or respond to the Complaint had expired. (Filing No. 17.) The next day, BCTGM filed the instant motion, requesting that the Clerk's Entry of Default be set aside. (Filing No. 18.) Plaintiff has not responded to the motion and the Clerk's Entry of Default that the Court mailed to Plaintiff was returned as undeliverable with no forwarding address. (Filing No. 23.)

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside the entry of default for "good cause." Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts consider the following: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default. *Johnson v. Leonard*, 929 F.3d 569, 573 (8th Cir. 2019). The Eighth Circuit has recognized that setting aside

default is often appropriate "for marginal failures when there [are] meritorious defenses and an absence of prejudice." *Id.* at 573-74 (quotation omitted).

BCTGM's explanation for default is that counsel accidentally missed the deadline. Counsel has averred that at the time this case was removed to this Court from state court, his office was undergoing staffing changes, and he was traveling. (Filing No. 20.) Consequently, the response deadline did not get calendared. (Filing No. 20.) Counsel represents that the failure to respond was "caused by inadvertence, mistake, or carelessness." (Filing No. 21.) Even though missing a deadline is not an excuse, the reality is that mistakes happen. There is no indication BCTGM or its counsel intentionally delayed or disregarded deadlines. Here, it seems BCTGM's lack of response was a marginal failure, particularly given the age of this case—it was removed to federal court in late March, 2026. (Filing No. 1.)

Further, Plaintiff would not be prejudiced if default is set aside. A motion to dismiss was filed by Defendant J. Skinner Baking Company, which is currently pending. (Filing No. 4.) This case will not progress until that motion is ruled upon. Moreover, Plaintiff has not even responded to the instant motion and has not provided the Court with any forwarding address—which is required by this Court's Local Rules. *See* NEGenR 1.3. For these reasons, the Clerk's Entry of Default will be set aside.

**IT IS ORDERED:**

1. BCTGM's Motion to Set Aside the Clerk's Entry of Default and to Extend the Deadline of Filing Response to the Complaint (Filing No. 18) is granted.
2. The Clerk's Entry of Default (Filing No. 17) is hereby set aside.
3. BCTGM shall answer or otherwise respond to the Complaint by June 23, 2026.

Dated this 9th day of June, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

2